**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION**

| | |
|---|---|
| KEITH F. BELL, PH.D., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 1:18-cv-00156-TLS-SLC |
| ) | |
| LLOY BALL and USA VOLLEYBALL, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT LLOY BALL'S ANSWER, AFFIRMATIVE DEFENSES, AND JURY DEMAND TO PLAINTIFF'S ORIGINAL COMPLAINT**

COMES NOW Defendant, Lloy Ball ("Mr. Ball"), by counsel, and files the following Answer, Affirmative Defenses, and Jury Demand in response to the Original Complaint of Plaintiff Keith F. Bell, Ph.D. ("Plaintiff"):

**THE PARTIES**

1. Plaintiff is, and at all relevant times has been, a resident of Texas.

**ANSWER**: Mr. Ball lacks sufficient information to admit or deny the allegations of paragraph 1, and therefore denies the same.

2. Lloy Ball is a natural person who lives in Angola, Indiana. Ball may be served at 1640 Lane 105 Lake James, Angola, IN 46703-8533, or wherever he may be found.

**ANSWER**: Mr. Ball admits the allegations of paragraph 2.

3. USA Volleyball is a Colorado non-profit corporation that may be served through its registered agent, USA Volleyball, at 4065 Sinton Rd., Suite 200, Colorado Springs, CO 80907, or wherever USA Volleyball may be found.

1

**ANSWER**: The allegations of paragraph 3 do not pertain to Mr. Ball, and no answer from Mr. Ball is required thereto.

### JURISDICTION AND VENUE

4. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331 & 1338 in that the claims arise under an act of Congress relating to copyrights. This Court has supplemental jurisdiction under 28 U.S.C. § 1367(a) over Plaintiff's claims under state law. This Court also has diversity jurisdiction in this case because Plaintiff and Defendants are from different states and the amount in controversy exceeds $75,000. There is complete diversity among the parties.

**ANSWER**: Mr. Ball denies that the amount in controversy in this case exceeds $75,000. Mr. Ball otherwise lacks sufficient information to admit or deny the allegations of paragraph 4, and therefore denies the same.

5. This Court has jurisdiction over Ball because he resides and is domiciled in Indiana.

The Court has jurisdiction over USA Volleyball because:

   a. It is doing business in this state;

   b. Has caused personal injury or property damage by an act or omission done within this state; and

   c. Has caused personal injury or property damage in this state by an occurrence, act or omission done outside this state. USA Volleyball regularly does or solicits business or engages in any other persistent course of conduct, or derives substantial revenue or benefit from goods, materials, or services used, consumed, or rendered in this state.

**ANSWER**:  Mr. admits that he is domiciled in Indiana.  Mr. Ball otherwise lacks sufficient information to admit or deny the allegations of paragraph 5, and therefore denies the same.

6.      Plaintiff contends that there is both specific and general jurisdiction over Defendants in these states, that each has sufficient minimum contacts to satisfy due process, and that the exercise of jurisdiction over Defendants comports with traditional notions of fair play and substantial justice.

**ANSWER**:  Mr. Ball admits that he is subject to general jurisdiction in the State of Indiana.  Mr. Ball otherwise lacks sufficient information to admit or deny the allegations of paragraph 6, and therefore denies the same.

7.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 139l(b)(2) because a substantial part of the events giving rise to Plaintiff's claims occurred in this judicial district and because Defendants live and/or have their principal places of business in this state within this judicial district and division.

**ANSWER**:  Mr. Ball lacks sufficient information to admit or deny the allegations of paragraph 7, and therefore denies the same.

## THE FACTS

*Dr. Bell and His Sports Psychology Practice*

7.      Dr. Bell is an internationally recognized sports psychology and performance consultant. He has worked as a sports psychologist with over 500 teams, including the Olympic and national teams for the United States, Canada, Australia, New Zealand, Hong Kong, Fiji, and the Cayman Islands.

**ANSWER**:  Mr. Ball lacks sufficient information to admit or deny the

3

allegations of mis-numbered paragraph 7, and therefore denies the same.

8. In addition to his work with sports teams, Dr. Bell speaks at national and international coaching symposia. Among others, he has been a featured speaker with the American Swim Coaches Association, Australian Coaches Association, Canadian Coaches Association, Japanese Coaches Association, and British Swim Coaches Association.

**ANSWER**:  Mr. Ball lacks sufficient information to admit or deny the allegations of mis-numbered paragraph 8, and therefore denies the same.

9. Dr. Bell has also enjoyed success as an athlete and coach. He is a four-time collegiate All-American swimmer, holds numerous world and national masters swim records, and has coached U.S. national, university, collegiate, high school, and club swimming teams.

**ANSWER**:  Mr. Ball lacks sufficient information to admit or deny the allegations of mis-numbered paragraph 9, and therefore denies the same.

10. Further, Dr. Bell has authored and had published 10 books and over 80 articles relating to sports psychology and sports performance. He also has been a regular columnist for national swimming publications such as *Swimmers, Swimmers Coach, SwimSwam*, and *Swim Texas Magazine*, and is a periodic contributor to *Austin Fit Magazine*.

**ANSWER**:  Mr. Ball lacks sufficient information to admit or deny the allegations of mis-numbered paragraph 10, and therefore denies the same.

***Dr. Bell's Original Literary Work, Winning Isn't Normal***

7. In 1981, Dr. Bell wrote the book entitled *Winning Isn't Normal* ("*Winning Isn't Normal*" or the "Infringed Work"), which was first published in 1982.  The book has enjoyed substantial acclaim, distribution, and publicity.  Dr. Bell is the sole author of this work and continues to own all rights in the work.

**ANSWER**:  Mr. Ball lacks sufficient information to admit or deny the allegations of mis-numbered paragraph 7, and therefore denies the same.

8. Dr. Bell holds a copyright registration for the Infringed Work. A copyright registration certificate for *Winning Isn't Normal* was issued to Dr. Bell by the United States Copyright Office on or about September 21, 1989, with the registration number   TX-0002-6726-44.  A true and correct copy of the Certificate of Registration is attached hereto as **Exhibit A**.

**ANSWER**:  Mr. Ball admits that a Certificate of Registration is attached to the Complaint as Exhibit A that purports to relate to a work titled "Winning Isn't Normal." Mr. Ball otherwise lacks sufficient information to admit or deny the allegations of mis-numbered paragraph 8, and therefore denies the same.

9. Since Dr. Bell authored and published the Infringed Work, *Winning Isn't Normal*, he has and continues to promote, distribute, offer for sale, and sell numerous copies of the work. Currently, among others, Dr. Bell offers *Winning Isn't Normal* for sale through Amazon.com and the website keelpublications.com.

**ANSWER**:  Mr. Ball lacks sufficient information to admit or deny the allegations of mis-numbered paragraph 9, and therefore denies the same.

10. Dr. Bell has made and continues to make meaningful efforts to create a market for *Winning Isn't Normal* and to protect and enjoy the rights afforded to him under the Copyright Act.  Importantly, as part of these efforts, Dr. Bell creates, markets, and sells works derivative of the Infringed Work, such as posters and t-shirts that display a particular passage from *Winning Isn't Normal* (the "WIN Passage").  The WIN Passage is viewed by Dr. Bell and others as the heart of Dr. Bell's literary work *Winning Isn't Normal*. A true and correct copy of the WIN Passage is attached as **Exhibit B**.

**ANSWER**: Mr. Ball admits that the Complaint contains an Exhibit B that purports to disclose a passage from a larger work. Mr. Ball otherwise lacks sufficient information to admit or deny the allegations of mis-numbered paragraph 10, and therefore denies the same.

11. Dr. Bell owns the domain winningisntnormal.com, which points to the keelpublications.com website where Dr. Bell offers the Infringed Work *Winning Isn't Normal* and derivative works for sale.

**ANSWER**: Mr. Ball lacks sufficient information to admit or deny the allegations of mis-numbered paragraph 11, and therefore denies the same.

12. Due to the popularity of his original work *Winning Isn't Normal*, Dr. Bell has been able to increase his international recognition as an authority in sports psychology and sports performance and has been asked to speak at conferences, symposia, and other engagements as a result.

**ANSWER**: Mr. Ball lacks sufficient information to admit or deny the allegations of mis-numbered paragraph 12, and therefore denies the same.

13. Dr. Bell has offered and continues to offer licenses at fair and reasonable rates to others who wish to publish or otherwise use the popular WIN Passage on the internet or in traditional publishing mediums.

**ANSWER**: Mr. Ball lacks sufficient information to admit or deny the allegations of mis-numbered paragraph 13, and therefore denies the same.

14. Dr. Bell has taken due care to provide notice of his copyright in *Winning Isn't Normal*. Dr. Bell has included pertinent copyright notices on physical and electronic copies of *Winning Isn't Normal* and derivative works, provides pertinent copyright notices on

Amazon.com and keelpublications.com, and includes a conspicuous copyright watermark on digital images of derivative works (such as posters) or excerpts that he posts online or otherwise distributes. Dr. Bell also includes information on keelpublications.com regarding how to contact Dr. Bell about obtaining permission to use the WIN Passage or other portions of *Winning Isn't Normal*.

**ANSWER**: Mr. Ball lacks sufficient information to admit or deny the allegations of mis-numbered paragraph 14, and therefore denies the same.

15. Because of Dr. Bell's commercial efforts, Dr. Bell enjoys trademark protection in the word mark WINNING ISN'T NORMAL, which he uses in connection with various goods and services, including his Winning Isn't Normal® series of books, of which *Winning Isn't Normal* is part. The United States Patent and Trademark Office issued a trademark registration to Dr. Bell for WINNING ISN'T NORMAL for printed matter on November 4, 2014, with a registration number of 4630749. A copy of the trademark registration is attached as **Exhibit C**.

**ANSWER**: Mr. Ball admits that the Complaint contains an Exhibit C, which purports to show a trademark registration certificate for the mark "Winning Isn't Normal" in connection with printed matter. Mr. Ball otherwise lacks sufficient information to admit or deny the allegations of mis-numbered paragraph 15, and therefore denies the same.

16. Pursuant to Section 33(b) of the Lanham Act, registration of the WINNING ISN'T NORMAL® mark is conclusive evidence of the validity of the registered mark and of Dr. Bell's right to use the registered mark in commerce in connection with the goods or services specified in the registration.

**ANSWER**: Mis-numbered paragraph 16 provides a legal conclusion to which

7

no answer from Mr. Ball is required.  To the extent an answer is required, Mr. Ball states that Section 33 of the Lanham Act speaks for itself, and that Mr. Ball otherwise lacks sufficient information to admit or deny the allegations of mis-numbered paragraph 16, and therefore denies the same.

17. As a result of the unique and distinctive nature of Dr. Bell's WINNING ISN'T NORMAL® mark and his continued commercial use of the mark, "Winning Isn't Normal" has become widely associated with Dr. Bell and his printed material and related goods and services. The WINNING ISN'T NORMAL® mark is indicative to consumers that printed material and related items bearing the WINNING ISN'T NORMAL® mark originate from or are affiliated with, sponsored, or approved by Dr. Bell.

**ANSWER**:  Mr. Ball lacks sufficient information to admit or deny the allegations of mis-numbered paragraph 17, and therefore denies the same.

*Defendants' Infringement of Dr. Bell's Work*

18. Defendant Ball is the individual connected with and responsible for activity on the social media platform Twitter.com ("Twitter") by the user "@LTPer."

**ANSWER**:  Mr. Ball admits the allegations of mis-numbered paragraph 18.

19. Defendant USA Volleyball is connected with and responsible for activity on the social media platform Twitter.com ("Twitter") by the user "@usavolleyball."

**ANSWER**:  Mr. Ball lacks sufficient information to admit or deny the allegations of mis-numbered paragraph 19, and therefore denies the same.

20. On or about November 12, 2015, a representation of the WIN Passage was posted to the Twitter account of Defendant Ball.  A copy of the Twitter post is attached as **Exhibit D**.

**ANSWER**:  Mr. Ball admits that a Twitter post is attached to the Complaint as

Exhibit D and admits that Exhibit D appears to be a screenshot of a Twitter entry posted by Mr. Ball on or around November 12, 2015.  Mr. Ball otherwise denies the allegations of mis-numbered paragraph 20.

21.     The post was made without authorization from Dr. Bell and without attribution to Dr. Bell.

**ANSWER**:  Mr. Ball admits that the Twitter entry displayed in Exhibit D was made without express authorization from Dr. Bell or express attribution to Dr. Bell.

22.     On or about November 20, 2015, a representation of the WIN Passage was posted to the Twitter account of Defendant USA Volleyball. A copy of the Twitter post is attached as **Exhibit E**.

**ANSWER**:  Mr. Ball lacks sufficient information to admit or deny the allegations of mis-numbered paragraph 22, and therefore denies the same.

23.     The post was made without authorization from Dr. Bell and without attribution to Dr. Bell.

**ANSWER**:  Mr. Ball lacks sufficient information to admit or deny the allegations of mis-numbered paragraph 23, and therefore denies the same.

24.     Neither of the Defendants contacted Dr. Bell to request permission to use Dr. Bell's copyrighted work.

**ANSWER**:  Speaking only as to himself, Mr. Ball admits the allegations of mis-numbered paragraph 24.  Mr. Ball otherwise lacks sufficient information to admit or deny the allegations of mis-numbered paragraph 24, and therefore denies the same.

25.     Upon information and believe, Defendant Ball had over 2,000 followers when the post was made, and the post of Defendant Ball received at least 51 "Retweets" and 201 "Likes."

Due to the globally accessible nature of Twitter, the post was accessible by Internet users across the world.

**ANSWER**:  Mr. Ball admits that his Twitter entries are generally available throughout those parts of the world with access to the open internet.  Mr. Ball otherwise denies the allegations of mis-numbered paragraph 25.

26. The post of Defendant USA Volleyball was a "retweet" embedding the post by Defendant Ball. Upon information and believe, Defendant USA Volleyball had over 123,000 followers when the post was made, and the post of Defendant USA Volleyball received at least 30 "Retweets" and over 7,000 "Likes." Due to the globally accessible nature of Twitter, the post was accessible by Internet users across the world.

**ANSWER**:  Mr. Ball lacks sufficient information to admit or deny the allegations of mis-numbered paragraph 26, and therefore denies the same.

27. Dr. Bell sent a cease and desist letter to Defendant Ball on July 15, 2016, and to Defendant USA Volleyball on April 21, 2017. Upon information and belief, both Defendants removed their infringing posts shortly after the letter was sent to Defendant Ball, automatically removing all retweets of the post.  The post was therefore accessible on each Defendant's Twitter page for at least 8 months.

**ANSWER**:  Speaking only for himself, Mr. Ball admits that he received a cease-and-desist letter dated July 15, 2016 from counsel for Dr. Bell and took down the Twitter post at issue shortly thereafter.  Mr. Ball otherwise lacks sufficient information to admit or deny the allegations of mis-numbered paragraph 27, and therefore denies the same.

28. While Defendants have tacitly acknowledged their liability to Plaintiff, they have

10

steadfastly refused to enter into a settlement agreement that will protect Plaintiff right in the future and compensate him for his injuries.

**ANSWER**:  Mr. Ball denies the allegations of mis-numbered paragraph 28.

### CLAIM I:  COPYRIGHT INFRINGEMENT

29. Plaintiff repeats and realleges each and every paragraph set forth above as if fully set forth again at length herein.

**ANSWER**:  Mr. Ball repeats and realleges his answers to each and every paragraph set forth above as if fully set forth again at length herein.

30. Plaintiff owns vaild copyright in the Infringed Work.

**ANSWER**:  Mr. Ball lacks sufficient information to admit or deny the allegations of mis-numbered paragraph 30, and therefore denies the same.

31. Defendants have, without authorization, copied one or more of the constituent elements of the Infringed Work that are original.

**ANSWER**:   Mr. Ball lacks sufficient information to admit or deny the allegations of mis-numbered paragraph 31, and therefore denies the same.

32. Defendants copied the heart of the Infringed Work almost verbatim, rendering the offending works substantially similar to and/or functionally identical to the Infringed Work.

**ANSWER**:  Mr. Ball denies the allegations of mis-numbered paragraph 32.

33. Defendants' copying of the Infringed Work was done willfully and intentionally in violation of federal copyright law, with knowledge that an agreement had not been reached with Plaintiff regarding such copying, and with knowledge that neither a license nor an assignment had been granted to Defendants allowing them to copy or use the Infringed Work.

**ANSWER**:  Mr. Ball denies the allegations of mis-numbered paragraph 33.

34. Defendants have, without authorization, publicly displayed one or more of the constituent elements of the Infringed Work that are original.

**ANSWER**:  Mr. Ball lacks sufficient information to admit or deny the allegations of mis-numbered paragraph 34, and therefore denies the same.

35. Defendants' public display of the heart of the Infringed Work was done willfully and intentionally in violation of federal copyright law, with knowledge that an agreement had not been reached with Plaintiff regarding such public display, and with knowledge that neither a license nor an assignment had been granted to Defendants allowing them to publicly display the Infringed Work.

**ANSWER**:  Mr. Ball denies the allegations of mis-numbered paragraph 35.

36. By so copying and publicly displaying the Infringed Work, Defendants have willfully infringed Plaintiff's copyrights therein, for which infringement Plaintiff is entitled to injunctive relief and to recover damages in the form of either Defendants' actual profits attributable to the infringements or, in the alternative and at Plaintiff's election, statutory damages. Defendants should also be required to pay Plaintiff's attorneys' fees, as authorized by law, associated with their copyright infringement.

**ANSWER**:  Mr. Ball denies the allegations of mis-numbered paragraph 36.

### CLAIM II:  TRADEMARK INFRINGEMENT

37. Plaintiff repeats and realleges each and every paragraph set forth above as if fully set forth again at length herein.

**ANSWER**:  Mr. Ball repeats and realleges his answers to each and every paragraph set forth above as if fully set forth again at length herein.

38. As a cause of action and ground for relief, Plaintiff alleges that Defendants have

engaged in trademark infringement under Section 32(1) of the Lanham Act, 15 U.S.C. Section 1114(1).

**ANSWER**:  Mr. Ball denies the allegations of mis-numbered paragraph 38.

39. The WINNING ISN'T NORMAL trademark is federally registered for use in relation to the following goods: "Printed matter, namely, non-fiction publication ns, namely, books, booklets, pamphlets, articles, manuals and posters in the field of sports, fitness, and competitive performance and psychology."  See the attached trademark registration at **Exhibit C**.

**ANSWER**:  Mr. Ball states that the purported federal trademark registration certificate attached as Exhibit C speaks for itself.  Mr. Ball further states that mis-numbered paragraph 39 asserts a legal conclusion to which no response from Mr. Ball is required.

40. The Defendants included Plaintiff's trademark in the Twitter posts discussed herein.  The Defendants used Plaintiff's trademark in the Twitter post without the Plaintiff's knowledge or permission and without attribution to Plaintiff.

**ANSWER**:  Mr. Ball admits that the Twitter entry at issue includes the phrase "Winning Isn't Normal" and that he did not seek Plaintiff's express permission before posting the Twitter entry at issue.  Mr. Ball otherwise denies the allegations of mis-numbered paragraph 40.

41. The Twitter post lacked Plaintiff's name, and some readers of the post are likely to be confused so as to infer that the text shown in the post was originated by either of the Defendants, rather than by Plaintiff, and/or that the infringing Twitter posts were affiliated with, sponsored, or approved by Plaintiff.

**ANSWER**:  Mr. Ball admits that the Twitter entry at issue lacks Plaintiff's name.

Mr. Ball otherwise denies the allegations of mis-numbered paragraph 41.

42.     Defendants have infringed the Plaintiff's right to be identified and distinguished from others through use of the trademark.

**ANSWER**:  Mr. Ball denies the allegations of mis-numbered paragraph 42.

43.     Defendants' willful and deliberate acts described above have caused injury and damages to Plaintiff and have caused injury to Plaintiff's goodwill.

**ANSWER**:  Mr. Ball denies the allegations of mis-numbered paragraph 43.

44.     As a direct and proximate result of said infringement by Defendants, Plaintiff is entitled to damages in an amount to be proven at trial.

**ANSWER**:  Mr. Ball denies the allegations of mis-numbered paragraph 44.

45.     Defendants have infringed Plaintiff's registered trademark and therefore Plaintiff is entitled to costs of suit pursuant to the Lanham Act at 15 U.S.C. § 1117. This is also an extraordinary case under the Lanham Act in which attorney fees should be awarded to Plaintiff.

**ANSWER**:  Mr. Ball denies the allegations of mis-numbered paragraph 45.

## ATTORNEY FEES

46.     Because of Defendants' willful and intention infringement of Plaintiff's copyrights, Plaintiff has been required to retain the services of attorneys to protect his rights and interests.     Based upon the foregoing, Plaintiff respectfully requests that this Court award costs of court and reasonable attorneys' fees as part of the requested relief, pursuant to 17 U.S.C. § 505.

**ANSWER**:  Mr. Ball denies the allegations of mis-numbered paragraph 46.

47.     Plaintiff is also entitled to recover attorney fees for trademark infringement because this is an extraordinary case under the Lanham Act.

**ANSWER**:  Mr. Ball denies the allegations of mis-numbered paragraph 47.

WHEREFORE, Defendant Lloy Ball respectfully requests that Plaintiff Dr. Keith Bell take nothing, that judgment issue against him, for an award of attorneys' fees pursuant to 17 U.S.C. § 505, costs, attorneys' fees, and all other relief just and proper in the premises.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Defendant Lloy Ball, by counsel, respectfully demands a jury trial on all issues so triable.

BARRETT McNAGNY LLP

By: /s/   Jeremy N. Gayed
Jeremy N. Gayed, #27551-35
BARRETT McNAGNY LLP
215 East Berry Street
Fort Wayne, IN 46802
Telephone:  (260) 423-9551
Facsimile:  (260) 423-8920
E-mail:  jng@barrettlaw.com

*Attorneys for Defendant Lloy Ball*

## AFFIRMATIVE DEFENSES

COMES NOW Defendant, Lloy Ball, by counsel, Barrett McNagny LLP, and for his Affirmative Defenses to Plaintiff's Complaint, states as follows:

1. Plaintiff has failed to mitigate any of the damages he allegedly suffered.

2. Plaintiff's claims are barred by the doctrine of laches due to the lapse of time between Plaintiff's awareness of the alleged infringing acts and the initiation of the present action.

3. Plaintiff does not have enforceable copyrights consistent with those alleged in the Complaint, nor can Plaintiff obtain such copyrights, as copyright extends only to an original work of authorship and not to an idea or concept, and Plaintiff's allegations claim exclusionary rights to non-creative and uncopyrightable subject matter.

4. Plaintiff does not have enforceable copyrights consistent with those alleged in the Complaint, nor can Plaintiff obtain such copyrights, as the supposedly copied portion of the allegedly copyrighted work lacks originality and is thus not copyrighted or copyrightable.

5. Plaintiff's supposed copyright in the supposedly copyrighted work is invalid, as Plaintiff has failed to comply with one or more of the relevant requirements of registration.

6. Defendant Lloy Ball's alleged use and/or copying of a portion of the supposedly infringed work was a fair use.

7. Plaintiff cannot demonstrate irreparable harm sufficient to justify any injunction.

8. Plaintiff cannot show any actual damages and is not entitled to any statutory damages.

9. To the extent Defendant Lloy Ball is found to be liable for copyright infringement, he is an "innocent" infringer as described in Title 17 of the United States Code any judgment awarded against him should be limited accordingly.

10. Defendant did not have access to the entirety of the supposedly infringed work at the time of the conduct alleged in the Complaint.

11. Plaintiff's claims are barred based upon the doctrine of merger.

12. Plaintiff's claims are barred based upon the doctrine of scene a faire.

13. If there was any use of Plaintiff's works by Defendant, such use was *de minimus*.

14. Plaintiff's claims are barred based upon the doctrine of estoppel.

15. Plaintiff's claims are barred based upon the doctrine of acquiescence.

16. Plaintiff's claims are barred based upon the doctrine of waiver.

17. Plaintiff's claims are barred based upon the doctrine of abandonment.

18. Plaintiff's claims are barred based upon the doctrine of release.

19. Plaintiff's claims are barred based upon the doctrine of copyright misuse.

20. Plaintiff's claims are barred by the doctrine of copyright exhaustion.

21. Defendant Lloy Ball did not use any mark of Defendant in commerce as required for infringement of the Lanham Act.

22. Plaintiff's trademark claim is barred because no alleged use of purported marks of Plaintiff by Defendant Lloy Ball did confuse or would be likely to confuse consumers.

23. Plaintiff's trademark claims are barred due to the invalidity of his asserted mark, including specifically that his asserted mark is merely descriptive as sought to be enforced.

24. Plaintiff's trademark claims are barred due to widespread third-party use of his supposed mark outside of his license or control.

25. Plaintiff's trademark claims are barred due to Plaintiff's fraud on the United States Patent and Trademark Office in the process of registration for the asserted marks.

26. Without limiting Mr. Ball's defenses, Plaintiff's damages, if any, are limited to the extent that Plaintiff seeks duplicative or overlapping damages for a single alleged wrong.

27. Plaintiff's claims are barred on the grounds that enforcement of Plaintiff's claims based on Mr. Ball's Tweet would constitute an infringement of Mr. Ball's rights under the First Amendment to the Constitution of the United States.

WHEREFORE, Defendant, Lloy Ball, by counsel, Barrett McNagny, LLP, respectfully requests that the Court enter judgment in its favor, that it be awarded attorneys' fees and costs in

relation to this action, that Plaintiff take nothing, and all other relief just and proper in the premises.

                BARRETT McNAGNY LLP

                By: /s/   Jeremy N. Gayed
                    Jeremy N. Gayed, #27551-35
                    BARRETT McNAGNY LLP
                    215 East Berry Street
                    Fort Wayne, IN 46802
                    Telephone:  (260) 423-9551
                    Facsimile:  (260) 423-8920
                    E-mail:  jng@barrettlaw.com

*Attorneys for Defendant Lloy Ball*

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of July 2018, a true and complete copy of the foregoing was served upon on counsel of record via the Court's CM/ECF system.

                              /s/   Jeremy N. Gayed
                              Jeremy N. Gayed